LOUIS LOWENSTEIN, Respondent, v. RALPHINA LOWENSTEIN, Appellant.

First Department, June 24, 1931.

*Edward Weinfeld* of counsel [*Louis Kunen* and *Burton A. Zorn* with him on the brief], for the appellant.

*Charles H. Kelby* of counsel [*Hyman Bushel* and *Samuel Gottlieb* with him on the brief; *Bushel & Gottlieb*, attorneys], for the respondent.

McAvoy, J. Defendant did abandon plaintiff in the sense that she left his abode. If she did so unjustifiably the judgment is correct. If she were so beset and maltreated that no reasonable woman would endure the continuance of her union with plaintiff, the judgment is erroneous. This is a fact matter and largely ought to be decided more readily by the trial court. But we discover his findings are so inconsistent that we may not follow him in his conclusions.

Our view of the record is that the defendant showed her right to leave the plaintiff by reason of misconduct of his which appears established by the proof and which plaintiff failed to convincingly controvert. The judgment ought to have gone for defendant for a separation.

In finding that defendant was in all respects a devoted and careful mother of her children, and then awarding sole custody to the father we think there is obvious error. This, too, should be corrected by dividing custody each year equally. If the parties have preferences of time, let them agree; if they will not, the order to be settled on notice will make a provision for half yearly custody to each.

The judgment should be reversed, with costs, and judgment ordered for defendant for separate maintenance and custody to be awarded as indicated in opinion.

Merrell and Sherman, JJ., concur; Finch, P. J., and Martin, J., dissent.

Martin, J. (dissenting). There were but two questions to be decided at the trial of this action: (1) Did the defendant abandon the plaintiff, and (2) if so, was the abandonment justified? There can be no doubt with reference to the abandonment for the defendant admitted she left the plaintiff. We are of the opinion that the abandonment was not shown to have been justified by the evidence submitted on the trial. It would serve no useful purpose to recite the testimony in detail.

Several phases of this controversy have been before judges in both New York and Kings counties, and the facts have in all instances been found in favor of the plaintiff and against the defendant. The custody of the children of the parties was awarded to the plaintiff, and a motion for alimony and counsel fee *pendente lite* made by the defendant in an action brought for a separation in Kings county was denied on the ground that there was no reasonable probability of success on the part of the wife. The opinion in that case, reported in the *New York Law Journal* on September 12, 1928, very carefully considers the questions here

involved and the court reached the same conclusion arrived at by the trial court herein.

It is important to note that every judge who has had this matter under consideration appears to have found the ultimate facts in favor of the plaintiff husband, and against the defendant wife.

We think the law as stated in *Boyd* v. *Boyd* (252 N. Y. 422) very applicable to this case. There the court said: "In a case so close as this, let the court of first instance decide. Face to face with living witnesses the original trier of the facts holds a position of advantage from which appellate judges are excluded. In doubtful cases the exercise of his power of observation often proves the most accurate method of ascertaining the truth."

We believe it impossible to read this record without coming to the conclusion that the abandonment was not justified.

The judgment should, therefore, be affirmed.

FINCH, P. J., concurs.

Judgment reversed, with costs, and judgment ordered for defendant as indicated in opinion. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.